UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOELLE HANRAHAN, *et al.*,

    Plaintiffs

v.

GARY C. MOHR, *et al.*,
    Defendants.

Case No. 2:13-cv-1212
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 55), Plaintiffs' Memorandum in Opposition (ECF No. 60), and Defendants' Reply in Support. (ECF No. 61.) For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

## I.

The facts of this case have been detailed in the Court's Opinion & Order granting in part and denying in part Defendants' Motion for Summary Judgment ("Summary Judgment Opinion & Order ("Summ. J. Op."), ECF No 37) and the Court's Order Denying Plaintiffs' Motion for Reconsideration. (ECF No. 62.) The facts relevant to the motion at issue will be briefly summarized.

Plaintiffs filed this action in December 2013, claiming constitutional violations resulted from Defendants' denial of their requests for in-person interviews with various prisoners who participated in the Lucasville prison riot. (Complaint, ECF No. 1.) Plaintiffs assert that Defendants engaged in content-based discrimination and unreasonable restrictions on public access in violation of the First and Fourteenth Amendment and seek prospective injunctive or declaratory relief. On March 24, 2017, the Court granted summary judgment against four Prisoner Plaintiffs, holding that Defendants had applied a reasonable and content-neutral policy

in denying interviews with these plaintiffs and that there was no evidence Defendants had treated the dismissed Prisoner Plaintiffs differently than other restricted population inmates. (Summ. J. Op.) Plaintiffs sought reconsideration, which the Court denied. (ECF No. 62.) The remaining Plaintiffs are members of the media ("Media Plaintiffs") and inmate George Skatzes ("Prisoner Plaintiff Skatzes"), who participated in the Lucasville prison riot.

Since denying in part Defendants' Motion for Summary Judgment, Defendants have sought to remedy the injuries that survived. On July 13, 2017, the Ohio Department of Rehabilitation and Correction ("ODRC") voluntarily modified its media policies, Media Policy-Death Row and Executions 01-COM-13 and Media Policy 01-COM-09, to delete 'victims issues that would present a concern' and 'the nature of the interview' from consideration when determining whether to approve media interview requests. (Defs. Exhibit B, ECF No. 55-2; Defs.' Exhibit C, ECF No. 55-3.) Then, in August 2017, all Media Plaintiffs' requests to interview Prisoner Plaintiff Skatzes were approved. (Defs.' Exhibit A, ECF No. 55-1.)

Defendants now move to dismiss this action, contending that Plaintiffs "have now fully obtained all of the relief to which they could be entitled by way of a trial of this matter." (Defs.' Reply at 2, ECF No. 61.) Defendants argue that Plaintiffs lack standing to seek prospective injunctive or declaratory relief and that the doctrine of mootness similarly bars Plaintiffs' claims.

## II.

Defendants move to dismiss this action as constitutionally moot and because Plaintiffs lack standing pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant challenges the pleading itself, claiming the plaintiff has not alleged facts sufficient to establish subject

matter jurisdiction. *Muskingum Coll.*, 318 F.3d at 677. The Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598. A factual attack is a challenge to the "factual existence of subject matter jurisdiction." *Id.* In considering such a motion, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Muskingum Coll.*, 318 F.3d at 677.

### III.

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. art. III § 2 cl. 1. The case-or-controversy requirement of Article III subsists throughout all stages of the litigation. *U.S. v. Juvenile Male*, 564 U.S. 932, 936 (2011) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.") (internal quotations and citation omitted). "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . ." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citations omitted) (holding the federal court's act of hearing a case must in some way resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).

To demonstrate Article III standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000).

Defendants move to dismiss this action arguing that Plaintiffs lack standing to pursue prospective injunctive or declaratory relief under the doctrine of mootness. Without a live, concrete controversy, the Court lacks jurisdiction to consider claims. As a result of the policy changes and subsequent grant of Media Plaintiffs' request to interview Prisoner Plaintiff Skatzes, the Court also concludes that Plaintiffs' claims are moot.

The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. *Brooks v. Celeste*, Case No. 98-cv-4027, 1999 U.S. App. LEXIS 32261, at *4–5 (6th Cir. Dec. 8, 1999) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (observing "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (citations omitted)). Moreover, under the doctrine of mootness, "although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Anderson v. W. (In re Anderson)*, 604 F. App'x 735, 742 (10th Cir. 2015); *see also Tolliver v. Collins*, Case No. 2:08-cv-00722, 2012 U.S. Dist. LEXIS 59638, at *18 (S.D. Ohio Apr. 30, 2012) (citing 15 James Wm. Moore et al, Moore's Federal Practice § 101.9, at 101-238 (3d ed. 2011)).

Past injuries are relevant to showing a risk of future harm, but "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461

4

U.S. 95, 102 (1983) (quotation and alterations omitted). A plaintiff, however, "must also show a threat of future injury" for prospective injunctive relief. *McNamara v. Ohio Bldg. Auth.*, 697 F. Supp. 2d 820, 825 n.1 (N.D. Ohio 2010) (plaintiff conceded injunctive relief claim mooted by policy change and defendant's agreement to abide by the new policy);

Generally, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." *A. Philip Randolph Inst. v. Husted*, 838 F.3d 699, 712 (6th Cir. 2016) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953)). The general rule against finding a case has been rendered moot is intended to protect a party from an opponent who seeks to defeat judicial review by only temporarily altering its behavior. *Youngstown Publ. Co. v. McKelvey*, 189 F. App'x 402, 405 (6th Cir. 2006). However, an exception to that general rule exists where a defendant claiming that its voluntary compliance moots a case "successfully carries the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *A. Philip Randolph Inst.*, 838 F.3d at 712 (citing *Friends of the Earth, Inc.*, 528 U.S. at 190)); *Youngstown Publ. Co.*, 189 F. App'x at 405 (a "case may nevertheless be moot if the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated.") (citing *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990)).

When reviewing whether a defendant has met the burden of demonstrating that there is no reasonable expectation that the alleged wrong will be repeated, government officials are treated with more solicitude than private parties. As the Sixth Circuit explained in *Youngstown Publ Co.*,

> [w]e note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. According to one commentator, such self-

correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.

189 F. App'x at 405 (quoting Mosley, 920 F.2d at 415 (citation omitted))); *see also Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012). Nonetheless, "such solicitude does not carry much of an official's burden of demonstrating that 'there is no reasonable expectation . . . that the alleged violation will recur. . .'" *A. Phillip Randolph Inst.*, 838 F.3d at 713.

Plaintiffs assert that Defendants' "voluntary cessation of unconstitutional practices" does not moot their claims because "Defendants remain free to revive that practice absent a judicial order prohibiting their doing so." The "unconstitutional practices" Plaintiffs refer to are found in the previous media policies, which the Plaintiffs explain, "(a) prohibited face-to-face media interviews with those convicted of Lucasville crimes, (b) permitted administrators to inquire regarding the content of interviews in advance, and (c) mandated consideration of victim impact before granting permission for an interview." (Pls.' Resp. in Opp. at 4, ECF No. 60.) Defendants, however, have since issued new media policies, eliminating consideration of victim's issues and the nature of the interview from media approval consideration. (*Id.*) Moreover, in applying the new policies, Defendants granted Plaintiffs' request for a face-to-face interview with Prisoner Plaintiff Skatzes. (Defs.' Exhibit A, ECF No. 55-1, (stating "[i]n accordance with ODRC's revised media policies which have been under consideration since 2013, and became effective July 13, 2017, DRC approves your request for an interview with inmate George Skatzes. Please contact me to make the arrangements.").)

Defendants have given the Court no reason to doubt the genuineness of their revocation of the allegedly wrongful policies. Through the new media policies and actions upholding the policies, Defendants have successfully met their burden of showing that the wrongful behavior

Plaintiffs refer to could not reasonably be expected recur. The Sixth Circuit has found similar policy changes to constitute sufficient evidence that wrongful behavior would not reasonably be expected to recur. *Yaacov v. Collins*, Case No. 09-4148, 2010 U.S. App. LEXIS 27719, at *4 (6th Cir. Dec. 1, 2010) (change in prison policy rendered plaintiff's claims for declarative or injunctive relief moot); *Cook v. Hairston*, Case No. 90-3437, 1991 U.S. App. LEXIS 28537 (6th Cir. Nov. 26, 1991); *Jaami v. Compton*, Case No. 00-cv-5304, 2000 U.S. App. LEXIS 33866, at *4–5 (6th Cir. Dec. 19, 2000) (finding that after a plaintiff has initiated a lawsuit alleging an unconstitutional practice by prison authorities, "no need exists for [the] court to issue an injunction when the authorities have voluntarily changed the allegedly unconstitutional practice.") The Court finds that the changes in prison policies renders Plaintiffs' request for declaratory and injunctive relief moot because, as in *Jaami*, Defendants' have voluntarily modified the allegedly unconstitutional policies. Thus, as there is no claim upon which to grant injunctive relief, Defendants' Motion to Dismiss is **GRANTED**.

## IV.

In accordance with the foregoing, Defendants' Motion to Dismiss is **GRANTED**. The Clerk is directed to enter judgment in favor of the Defendants and close this matter.

**IT IS SO ORDERED.**

11-28-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**